## PHILLIPS *v.* THE STATE.

On the trial of an indictment alleging that the accused forged a certain order purporting to be signed by A and addressed to B, with intent to defraud A, and uttered the same with intent to defraud B, it was error to charge the jury that if they believed from the evidence the accused " did pass this order with intent to defraud" either A or C, it would be their duty to find him guilty.

March 25, 1895.

· Indictment for forgery. Before Judge CLARK. Fulton superior court. September term, 1894.

FRANK R. WALKER, for plaintiff in error.
CHARLES D. HILL, solicitor-general, *contra.*

LUMPKIN, Justice.

The indictment charged that Phillips forged an order in the name of G. B. Everett & Co., upon E. P. Burnes, agent, without alleging whose agent he was. It was also charged in the indictment that the forging was done with the intent to defraud Everett & Co., and that the forged order was uttered and published as true with intent to defraud Burnes. It appeared from the evidence that Burnes was the agent of the Western & Atlantic Railroad Company.

The accused was convicted, and filed a motion for a new trial containing the general grounds that the verdict was contrary to law and the evidence; and also alleging that the court erred in charging, that if the jury believed from the evidence that the accused " did pass this order with intent to defraud either G. B. Everett & Co. or the Western & Atlantic Railroad," it would be their duty to find him guilty.

We think that this charge was erroneous. Not only does the indictment fail to allege an intent to defraud the railroad company, but it does not even mention or allude to the company in the remotest terms. The charge complained of, therefore, presented to the jury for determination a question in no wise involved in the accusation against the prisoner. The judge very probably considered the agent of the railroad company and the company itself substantially the same person, and must have entertained the opinion that an intention to defraud the agent would be tantamount to an intention to defraud the company. This is, however, by no means true. The agent of a corporation and the corporation itself are

entirely distinct persons, and an alleged intention to defraud one of them cannot be sustained by proof showing an intention to defraud the other.

*Judgment reversed.*